# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JOSE TRUJILLO, | Case No. 1:19-cv-00891-SAB |
|---|---|
| Plaintiff, | ORDER VACATING DECEMBER 4, 2019 HEARING AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT |
| v. | |
| MARISCOS COSTA AZUL INCORPORATED, et al., | (ECF Nos. 21, 22, 24) |
| Defendants. | FIVE DAY DEADLINE |

Jose Trujillo ("Plaintiff") filed this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. and state law. Currently before the Court is Plaintiff's motion for leave to file a first amended complaint.

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on December 4, 2019 will be vacated and the parties will not be required to appear at that time.

**I.**

**PROCEDURAL HISTORY**

Plaintiff filed the complaint in this action against Mariscos Costa Azul Incorporated, Daniel Martin, Fernando Martin, Ronnie Martin, and Eduardo Martin (collectively "Defendants") on June 28, 2019. (ECF No. 1.) Defendants filed answers to the complaint on

1

August 26, 2019. (ECF Nos. 10, 11, 13.) The parties have consented to the jurisdiction of the magistrate judge and this matter has been reassigned to the undersigned for all purposes. (ECF Nos. 12, 14, 16, 17.) On September 11, 2019, a scheduling order issued in the action. (ECF No. 20.)

On November 11, 2019, Plaintiff filed a motion for leave to file a first amended complaint. (ECF No. 21.) On November 15, 2019, Defendants Daniel Martin, Fernando Martin, Ronnie Martin, and Eduardo Martin filed an opposition to the motion to amend and Defendant Mariscos Costa Azul Incorporated joined in the opposition. (ECF Nos. 22, 23.) On November 26, 2019, Plaintiff filed a reply.

## II.

## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend their pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

In determining whether to grant leave to amend after an answer has been filed, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); accord Madeja v. Olympic Packers, LLC., 310 F.3d 628, 636 (9th Cir. 2002); Washington State Republican Party v. Washington State Grange, 676 F.3d 784, 797 (9th Cir. 2012). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F.Supp.3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC, 316 F.3d at 1052.

# III.

# DISCUSSION

Plaintiff moves to amend the complaint to allege additional barriers to his access to the facility that were identified during a site inspection that occurred on September 30, 2019. Defendants have filed a limited opposition to the motion to amend on the ground that they believe the additional barriers in the parking lot address a parking lot that is owned and maintained by the City of Tulare. Defendants state that the issue is not properly before the Court but they have filed the objection to preserve any and all rights and objections to the first amended complaint. Plaintiff replies that Plaintiff's opposition improperly raises issues of disputed fact that are subject to proof. Plaintiff further contends that Defendants will not be prejudiced by the inclusion of the additional barriers that have been identified as the original complaint already alleges barriers in the parking lot.

Here, there is no evidence that Plaintiff has sought amendment of the complaint in bad faith or with undue delay. The scheduling order provided that any motion to amend the complaint must be filed no later than November 6, 2019. (ECF No. 20 at 2.) Since the motion was filed prior to the expiration of the deadline to amend, Rule 15(a) governs and leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has stressed that Rule 15 favors amendments, and that this policy is to be applied with extreme liberality. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

Plaintiff filed a timely motion to amend to allege the additional barriers identified after a site inspection. The inspection of the property occurred on September 30, 2019. Plaintiff sought a stipulation for amendment of the complaint and, when the defendants refused to stipulate, the motion to amend was filed.

The Ninth Circuit has held that "for purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere." Moeller v. Taco Bell Corp., 966 F.Supp.2d 899, 904 (N.D. Cal. 2013) (quoting Oliver v. Ralphs Grocery

Co., 654 F.3d 909 (9th Cir. 2011)). A complaint provides fair notice to the defendant where each non-compliant architectural feature is alleged in the complaint. Oliver, 654 F.3d at 908.

Further, a plaintiff need not have encountered every barrier that bars his access to seek an injunction to remove the barriers. Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1138 (9th Cir. 2002). "[W]hen an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability. . . ." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011). Accordingly, Plaintiff may amend his complaint to allege all identified barriers that relate to his disability in order to seek injunctive relief as to those barriers.

This is Plaintiff's first request to amend the complaint and Defendants have not argued that they would be prejudiced in any manner if leave to amend is granted. As Plaintiff argues, the original complaint alleges barriers in the parking lot and this is a matter that can be addressed during discovery and raised on summary judgment. The Court finds no prejudice to Defendants by allowing amendment of the complaint.

Finally, Defendants concede that the issue of whether the parking lot belongs to the County of Tulare is not properly before this Court in the current motion. Defendants have not rebutted the presumption in favor of granting leave to amend. See Eminence Capital, 316 F.3d at 1052 (Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend.).

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, IT IS HEREBY ORDERED that:

1. The hearing set for December 4, 2019 is VACATED;
2. Plaintiff's motion to amend, filed November 6, 2019, is GRANTED;
3. Plaintiff shall file the first amended complaint within **five (5) days** of the date of entry of this order; and

/ / /

4. Defendants shall file a responsive pleading within **fourteen (14) days** of the date of service of Plaintiff's amended complaint.

IT IS SO ORDERED.

Dated:   **November 27, 2019**

_____
UNITED STATES MAGISTRATE JUDGE